UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO.: 00-6183-CR-DIMITROULEAS
    Plaintiff

vs.

NICHOLAS D. DIAZ,

    Defendant.
_____/

## DEFENDANT DIAZ' OBJECTIONS TO PRE-SENTENCE INVESTIGATION AND REQUEST FOR DOWNWARD DEPARTURE

**COMES NOW** the Defendant, NICHOLAS DIAZ, and hereby states the following objections to the Pre-Sentence Investigation (P.S.I.):

1. Paragraphs 16 and 22 of the P.S.I. find that the Defendant does not qualify for a mitigating role adjustment pursuant to Section 3B1.2 of the Federal Sentencing Guidelines. The Defendant objects to this conclusion. Guideline 3B1.2 allows the sentencing court to decrease the offense level by 2 - 4 levels, by assessing the relative culpability of various actors in a criminal transaction.

2. Application note number 2 of 3B1.2 relates that this section is "intended for downward adjustment for a minimal participant... infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling transaction or very large drug smuggling operation then to offload part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs". Application note number 3 relates that pursuant to this section, "a minor



**The Suskauer Law Firm**
**1601 Forum Place, Suite 1200, West Palm Beach 33401**
**(561) 687-7866    Fax: (561) 688-0581**

participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal".

3. As it relates to the facts of this case as related in the P.S.I. as well as documents provided in discovery, the Defendant should be entitled to a 2 - 4 level reduction bases upon his particular role in this offense.

4. Counsel recognizes that no court has held that as a matter of law a "courier" is entitled to be treated as a minor or minimal actor. On a case by case basis, however, some courts may grant couriers downward adjustments based upon mitigating role. Please see U.S. v. Rodriguez DeVaron, 175 F.3d 930 (11th Cir. 1999).

5. A review of the facts disclosed in discovery and the P.S.I. lends to a conclusion that Co-Defendants HURTADO and MEDINA as well as the unindicted "HUERO" had much more significant roles in this offense than did this Defendant. It is logical to conclude from the facts as presented that "HUERO", HURTADO and MEDINA all stood to gain more than NICHOLAS DIAZ. There is also no evidence included in the documentation that this was nothing but an isolated incident as it relates to NICHOLAS DIAZ.

6. As it relates to the ultimate calculation of the guidelines, the defense would accept the offense level computation prepared by the Probation Department in all aspects except for paragraph 22. It follows that since the defense is requesting a 2 - 4 level reduction for "role in the offense" the defense therefore argues that the total offense level should be in the 19 - 21 range.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 26th day of October, 2000 to: Bruce Brown, AUSA, 500 E. Broward Blvd., #700, Ft. Lauderdale, Florida 33394; and Scott Kirsche, U.S. Probation Officer, 501 South Flagler Drive, Suite 400, West Palm Beach, FL 33401.

Respectfully submitted,

The Suskauer Law Firm
1601 Forum Place, Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 687-7866

_____
SCOTT I. SUSKAUER, ESQUIRE
Florida Bar No. 0776475